[Cite as *State v. Holsey*, 2011-Ohio-4506.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96094

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT HOLSEY

DEFENDANT-APPELLANT

---

JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539402

**BEFORE:**   Stewart, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   September 8, 2011

**ATTORNEY FOR APPELLANT**

Patrick E. Talty
20325 Center Ridge Road, Suite 512
Rocky River, OH   44116-4386


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Scott Zarzycki
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶ 1} The court tried and convicted defendant-appellant, Robert Holsey, on two counts of rape, one count of kidnapping, and two counts of sexual battery in connection with an incident in which he engaged in sexual conduct with his highly-intoxicated half-sister.   The court merged the counts for sentencing and imposed a single five-year prison term.   In this appeal, he argues that the court's judgment of conviction is supported by neither the

sufficiency nor the weight of the evidence. Having conceded that he engaged in sexual intercourse with the victim, he maintains that what transpired between them was consensual in all respects and that the state's evidence failed to prove otherwise.

I

{¶ 2} When reviewing a claim that there is insufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

A

{¶ 3} The indictment charged Holsey with kidnapping under R.C. 2905.01(A)(4). That section states that no person, by force, threat, or deception, shall restrain the liberty of another person for purposes of engaging in sexual activity against the victim's will. To "restrain the liberty of the other person" means "to limit one's freedom of movement in any fashion for any period of time." *State v. Wright,* 8th Dist. No. 92344, 2009-Ohio-5229, ¶23, citing *State v. Wingfield* (Mar. 7, 1996), 8th Dist. No. 69229.

{¶ 4} The evidence showed that Holsey and his two half-sisters were drinking at a bar and during the course of the evening, the victim consumed at

least six double-shots of vodka. Being intoxicated, she became belligerent and started arguing with her sister. In order to separate the two sisters, Holsey and two others walked the victim out to their car and placed her in the back seat. Holsey entered the back seat of the car with the victim, and the other two men went back into the bar. The victim recalled seeing Holsey's penis before she lost consciousness. When she regained consciousness, she felt severe pain in her genital area, but could recall nothing of what transpired in the back seat of the car.

{¶ 5} Holsey testified and confirmed that the victim became so intoxicated that he and two others had to walk her out of the bar and to their car. The victim tried to leave, so Holsey put her in the back seat of the car and sat next to her. Holsey said at that point, the victim began "coming on to me" by touching and grabbing him in an aggressive manner. Despite misgivings over the morality of having sex with his half-sister, Holsey said they engaged in consensual sexual intercourse.

{¶ 6} In finding Holsey guilty, the court noted that Holsey "admitted he was trying to keep the victim in the car although that wouldn't have been for sexual motivation. His apparent reason for trying to keep the victim in the car was to keep her from going back into the bar and getting into another altercation with her sister ***." By the court's own reasoning, Holsey's act of

locking the car doors was not done with a sexual motivation, so these facts cannot support the kidnapping count.

{¶ 7} The court also noted that a sexual assault nurse examiner who examined the victim on the evening of the rape noted that the victim told her "the defendant did put his arm across her trachea and held [her] down." The transcript does not reflect the gestures made by the nurse in her testimony, but the nurse's notes were admitted into evidence and show that the victim told the nurse that Holsey had his arm across the victim's trachea. The nurse found no physical evidence to corroborate the victim's assertion that Holsey held her down.

{¶ 8} Viewing this evidence most favorably to the state, we find that the court could rationally rely on the nurse's testimony as evidence of force. Even though the victim could not recall anything that happened in the car after seeing Holsey's penis, statements she made to the nurse were admissible to demonstrate the element of physical restraint. The element of restraint of liberty can be established with evidence showing the defendant limited another's freedom of movement "in any fashion for any period of time." *Wingfield*. Holsey's act of placing his arm against the victim's neck was a display of physical force and sufficed as a restraint upon the victim's liberty for purposes of proving the essential elements of kidnapping.

B

{¶ 9} The indictment charged Holsey with two counts of rape under R.C. 2907.02(A)(1)(c) and (A)(2).

1

{¶ 10} R.C. 2907.02(A)(1)(c) states that no person shall engage in sexual conduct with another when the other person's "ability to resist or consent is substantially impaired because of a mental or physical condition." "Voluntary intoxication or impairment is included in the terms 'mental or physical condition' as used in R.C. 2907.02(A)(1)(c)." *State v. Freeman*, 8th Dist. No. 95511, 2011-Ohio-2663, ¶15, citing *State v. Doss*, 8th Dist. No. 88443, 2008-Ohio-449, ¶15. What constitutes "substantial impairment" is undefined, but it is more than that which lowers inhibitions and certainly lessens the complete mental impairment. Id. at ¶16. The question of whether a victim is substantially impaired is one of fact and may be proven by lay testimony given the ordinary experiences of others. *State v. Brady*, 8th Dist. No. 87854, 2007-Ohio-1453, at ¶78.

{¶ 11} We need not dwell on the quantum of evidence supporting the victim's intoxication because Holsey's testimony proved the point. He conceded that the victim was so intoxicated that he and two others had to remove her from the bar. Security video confirms Holsey's description of the victim — she was so intoxicated that she had difficulty walking and, at one point, fell to the ground while being escorted to the car. Holsey also testified

that at the conclusion of sexual intercourse, the victim became incontinent in the back seat of the car. This indicates that the victim was so intoxicated that she had lost control over her bodily functions. Nearly every witness who saw the victim that evening noted her extreme intoxication, including Holsey's mother, who testified that the victim was more intoxicated than she had ever seen. These witnesses collectively testified that the victim was slurring her words and had difficulty due to her intoxication. Evidence of the victim's impairment by intoxication was overwhelming.

2

{¶ 12} R.C. 2907.02(A)(2) states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 13} The evidence of restraint used to prove the kidnapping charge was relevant to prove the rape element of force — by putting his arm against the victim's throat, Holsey forced the victim into submission. Corroboration of force came in the form of the victim's statement to the nurse that "I didn't know if he was going to kill me or what." In addition, the victim testified that she experienced a great deal of vaginal pain following the rape, a fact confirmed by a physical examination that revealed a small, vaginal laceration on the victim's posterior fourchette. Finally, the nurse's note quoted the victim as stating, "my vagina feels heavy. I can't even sit."

{¶ 14} Apart from direct evidence that Holsey used force to compel the victim's submission, the court could rationally have considered the victim's internal injuries were an indication that force had been used. While an internal laceration may not always be indicative that force had been used to compel a victim's submission to sexual intercourse, in this case the injury fit within the overall profile of a forced sexual encounter.

C

{¶ 15} The indictment charged Holsey with sexual battery under R.C. 2907.03(A)(2) and (A)(3).

1

{¶ 16} R.C. 2907.03(A)(2) states: "No person shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired." In *State v. Tollivar* (July 31, 1997), 8th Dist. No. 71349, we held that where "the state presented evidence that [the defendant and the victim] *** engaged in sexual intercourse, that at the time [the victim] was in a state of deep sleep and/or drunkenness, and that she had not consented to intercourse with [the defendant], *** the jury could infer her condition substantially impaired her ability to control her conduct," and that such evidence was sufficient to support a jury verdict finding the defendant guilty of sexual battery. Id. at 7.

{¶ 17} Holsey was well-aware of the victim's impaired ability to function when he escorted the literally falling-down-drunk victim from the bar to the car. By his own admission, she was so intoxicated that after the rape, she urinated inside the car, literally spraying the interior as he watched. As we earlier stated, evidence that the victim was so drunk that she had trouble standing and that she lacked the ability to control her bodily functions was overwhelming proof of her intoxication.

2

{¶ 18} R.C. 2907.03(A)(3) states: "No person shall engage in sexual conduct with another, not the spouse of the offender, when *** [t]he offender knows that the other person submits because the other person is unaware that the act is being committed."

{¶ 19} In the usual case, prosecutions under R.C. 2907.03(A)(3) apply when "the victim is typically either asleep or unconscious, and then awakes to discover the offender engaging in sexual conduct with him or her." *In re J.A.S.*, 12th Dist. No. CA2007004-046, ¶20, citing *State v. Antoline*, Lorain App. No. 02CA008100, 2003-Ohio-1130, ¶55. However, consciousness is not the touchstone of an R.C. 2907.03(A)(3) violation — the statute only requires that the victim be "unaware" that sexual conduct is occurring, so testimony that a victim was conscious but "out of it" is sufficient to establish a violation. See *State v. Macht* (June 11, 1999), 1st Dist. No. C-980676.

{¶ 20} The court found that the victim had been "unaware" that she was engaging in sexual intercourse, relying on her testimony that after seeing Holsey's penis, she had no recollection of having sexual intercourse with him. Other evidence supported this finding. The nurse commented on the victim's hysterical state shortly after the rape and recounted the victim's statement that, "he's my own blood. You don't do this to your own blood." The court could rationally have found this reaction to be consistent with the victim's claim that she had been unaware that Holsey had engaged in sexual intercourse with her. Other witnesses recalled that the victim was in a hysterical state, thus lending credibility to her claim that she had been unaware that Holsey had sexual intercourse with her. Indeed, one witness recalled that the victim entered a diner where he was seated, squatted behind the counter and cried, "Help me, help me, don't let him get me." Again, these statements were broadly consistent with the reaction one might expect from a person who had been unaware that another was having sexual intercourse with her.

## II

{¶ 21} Holsey next argues that the court's verdict is against the manifest weight of the evidence, but apart from citing the relevant standard of review, Holsey makes no independent argument in support of this assignment of error. We thus decline to address it because it fails to comport with the App.R.

16(A)(7) obligation to give "reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies" and the App.R. 12(A)(2) obligation to separately argue each assignment of error. See *State v. Judd*, 8th Dist. No. 89278, 2007-Ohio-6811, ¶46.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR